1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

8

EASTERN DISTRICT OF CALIFORNIA

9
10

| | |
|---|---|
| SAFETY-KLEEN SYSTEMS, INC, *et al.*, | Case No. 1:24-cv-00594-KES-CDB |
| Plaintiffs, | ORDER ON STIPULATION AMENDING SCHEDULING ORDER |
| v. | |
| ALCO IRON & METAL COMPANY, | (Doc. 23) |
| Defendant. | ORDER VACATING PRETRIAL CONFERENCE AND TRIAL DATES |

11
12
13
14
15
16
17

18  **Background**

19      On March 13, 2024, Plaintiffs Safety-Kleen Systems, Inc. ("Safety-Kleen") and Clean

20  Harbors Buttonwillow, LLC ("Clean Harbors") (collectively, "Plaintiffs") initiated this action with

21  the filing of a complaint against Defendant Alco Iron & Metal Company ("Defendant) in the

22  Superior Court of the State of California, County of Kern, entitled *Safety-Kleen Systems, Inc. and*

23  *Clean Harbors Buttonwillow, LLC v. Alco Iron & Metal Company*, Case No. BCV-24-100887.

24  (Doc. 1).  Defendant removed the action to this Court on May 16, 2024.  (*Id.*).  On June 27, 2024,

25  Defendant filed its answer.  (Doc. 15).

26      On August 18, 2024, the Court convened with the parties for scheduling conference and

27  issued the operative scheduling order setting forth all case management dates including discovery

28  deadlines (fact discovery 2/14/2025; expert 4/28/2025) and motion filing deadlines (non-

1    dispositive motions filed by 5/9/2025; dispositive motions filed by 7/11/2025).

2    **Discussion**

3    Pending before the Court is the parties' renewed stipulated request to amend the scheduling

4    order and extend discovery and motion deadlines, filed on January 7, 2025. (Doc. 23).  Therein,

5    the parties represent that on September 11, 2024, the parties exchanged initial disclosure

6    statements and because they planned to mediate the case, agreed to defer production of the

7    documents identified in the initial disclosures.  (*Id.* ¶ 7).  The parties represent that based on their

8    ongoing efforts to resolve this matter, the parties agreed to a private mediation for October 7, 2024,

9    with mediator Tim Gallagher, and also agreed to hold off the expense of conducting discovery

10   until after the mediation concluded.  (*Id.* ¶ 8).  The parties represent that as part of the mediation

11   process, the parties informally produced some documents for use in mediation, but the parties have

12   yet to formally produce any documents in discovery so far.  (*Id.* ¶ 9).  The parties represent they

13   agreed to a second mediation session before the mediator and are actively seeking an available

14   date on Gallagher's schedule.  (*Id.* ¶ 10).

15   The parties represent that on December 20, 2024, Plaintiffs served Defendant with three

16   sets of written discovery requests and noticed eight depositions for dates between January 27,

17   2025, and February 6, 2025.  (*Id.* ¶ 11).  The parties represent that on January 3, 2025, Defendant

18   served objections to Plaintiff's eight deposition notices.  (*Id.* ¶ 12).  The parties represent that

19   because the matter has not resolved despite extensive mediation efforts, and because the parties

20   plan on a second mediation session, the parties now find it is necessary to conduct discovery but

21   also find that the discovery and motion deadlines are fast approaching.  (*Id.* ¶ 13).  The parties

22   represent that its genuine efforts to resolve this case without incurring substantial sums on

23   discovery matters make an extension of the discovery and motion deadlines as requested essential

24   to the ongoing efforts to resolve this case.  (*Id.* ¶ 14).  The parties thus propose to modify the

25   scheduling order to extend each of the discovery and motion dates by 12 weeks to allow the parties

26   additional time for discovery and motions.  (*Id.* ¶ 15).  The parties represent the pretrial conference

27   would remain scheduled for January 5, 2026, and the trial date for March 3, 2026, as currently set

28   in the scheduling order.  (*Id.* ¶ 16).  The parties support the stipulated request with the declaration

1    of counsel for Plaintiffs.  (*Id.* ¶ 17; *see* Doc. 23-1).  Counsel for Plaintiffs declares that good cause

2    exists for extending the discovery and motion deadlines as requested because though the matter

3    has not resolved despite the parties' efforts, the parties believe resolution is achievable now that

4    additional information has been exchanged and in light of the second mediation being scheduled.

5    (Doc. 23-1 ¶ 17).  Counsel declares that the parties agree that the short extension is essential to

6    resolving this matter as the parties continue their good faith mediation efforts.  (*Id.*).  Counsel

7    declares the parties' genuine efforts to resolve this case without incurring substantial sums on

8    discovery establish good cause for the requested extension that is essential to the ongoing efforts

9    to resolve this case.  (*Id.* ¶ 18).

10           The Court finds good cause exists to extend case management dates.

11           **<u>However</u>**, the undersigned clarifies for the parties any misunderstanding they may have

12    regarding the Court's earlier admonition that the case management dates "are considered to be

13    firm and will not be modified absent a showing of good cause."  (Doc. 18 at 7).  While the Court

14    acknowledges the benefits the parties enjoy from unilaterally "agree[ing] to hold off the expense

15    of conducting discovery until after the mediation concluded" (Doc. 23 ¶ 8), delaying more than

16    four months after discovery opens to serve initial discovery demands does not demonstrate due

17    diligence.  The Court directs the parties to complete all discovery and pretrial motion filings by

18    the modified dates set forth herein.  Any parallel efforts the parties undertake to settle their disputes

19    must be accomplished in tandem with meeting these modified discovery and motion filing

20    deadlines.

21           In short, the Court will not find good cause for further modifications of the case

22    management deadlines on the grounds that the parties prioritized settlement negotiations over

23    discovery.

24           Additionally, the parties unrealistically ask to continue the hearing on dispositive motions

25    to a date approximately six weeks prior to the pretrial conference – which they do not seek to

26    continue.  *See* (Doc. 23 at ¶ 16).  This demonstrates a fundamental misunderstanding about the

27    nature of the judicial resource emergency this Court has operated under for several years and which

28    the undersigned addressed during the scheduling conference.  *See* (Doc. 3-3).  As such, the pretrial

1   conference and trial dates will be vacated.

2   **Conclusion and Order**

3   In light of the parties' representations in their stipulation (Doc. 23), and for good cause

4   shown, it is HEREBY ORDERED that the scheduling order is amended as follows:

| | |
|---|---|
| **Non-expert discovery** | **May 9, 2025** |
| **Expert disclosures** | **May 23, 2025** |
| **Rebuttal disclosures** | **June 20, 2025** |
| **Expert discovery cut-off** | **July 21, 2025** |
| **Non-dispositive motion filing** | **August 1, 2025** |
| **Non-dispositive motion hearing** | **September 5, 2025** |
| **Dispositive motion filing** | **October 3, 2025** |
| **Dispositive motion hearing** | **November 17, 2025** |

14   It is FURTHER ORDERED that the pretrial conference and trial dates are VACATED.

15   All other case management dates and provisions of the scheduling order (Doc. 18) remain

16   unchanged and in full force and effect.

17   IT IS SO ORDERED.

18   Dated:   **January 8, 2025**   _____

19                    UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28