UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAFETY-KLEEN SYSTEMS, INC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ALCO IRON & METAL COMPANY, <br><br> Defendant. | Case No. 1:24-cv-00594-KES-CDB <br><br> ORDER ON PLAINTIFFS' REQUEST TO CONTINUE DEADLINE TO FILE DISPOSITIONAL DOCUMENTS <br><br> (Doc. 25) <br><br> **30-Day Deadline** |

On March 13, 2024, Plaintiffs Safety-Kleen Systems, Inc. ("Safety-Kleen") and Clean Harbors Buttonwillow, LLC ("Clean Harbors") (collectively, "Plaintiffs") initiated this action with the filing of a complaint against Defendant Alco Iron & Metal Company ("Defendant) in the Superior Court of the State of California, County of Kern, entitled *Safety-Kleen Systems, Inc. and Clean Harbors Buttonwillow, LLC v. Alco Iron & Metal Company*, Case No. BCV-24-100887. (Doc. 1). Defendant removed the action to this Court on May 16, 2024. (*Id.*). On June 27, 2024, Defendant filed its answer. (Doc. 15).

Following the original scheduling and subsequent extension of case management dates (*see* Docs. 18, 24), on June 30, 2025, Plaintiffs filed a notice of settlement in which they represent that the parties have resolved the entire action by settlement agreement. (Doc. 25). Plaintiffs express an intention to delay the filing of dispositional documents until the "exchange of consideration" is

complete under the parties' settlement agreement. (*Id.*) Further, Plaintiffs request the Court schedule a hearing no sooner than ten days following the parties' anticipated completion of their exchange of consideration (October 3, 2025). (*Id.*)

In this District, parties are required to file dispositional documents no later than 21 days after the filing of a notice of settlement "absent good cause." *See* Local Rule 160. Here, the parties' apparent desire and intention to delay filing dispositional documents until after they have completed performance of terms pursuant to their settlement agreement does not constitute good cause for an extension. That is because, generally, a federal question claim as was presented in this case is "extinguished by the settlement and converted ... into a claim under a contract," a breach of which the parties should pursue in state court. *See Kay v. Board of Educ. of City of Chicago*, 547 F.3d 736, 737, 739 (7th Cir. 2008).

In short, as the parties have resolved their claims pursuant to an enforceable contract, the Court declines to maintain this case in active status to supervise the parties' performance of their undisclosed, private settlement agreement because they have not shown that exercising jurisdiction over the performance of their agreement is "essential to the conduct of federal-court business." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994).

The Court will vacate all remaining case management dates and related filing requirements and grant a brief extension of the 21-day deadline for the filing of dispositional documents.

**Conclusion and Order**

For the reasons stated above, it is HEREBY ORDERED that Plaintiffs shall file dispositional documents no later than July 30, 2025.

All remaining case management dates and related filing requirements are VACATED.

IT IS SO ORDERED.

Dated: **July 1, 2025**

UNITED STATES MAGISTRATE JUDGE

2